Joseph Raynor, Appellant, v. Dennis Trolan and James Cunningham, Respondents.

*Negligence — employer causing earth to fall from a bank into an excavation where an employee is at work — insufficient warning.*

In an action brought by an employee to recover damages for personal injuries resulting from the alleged negligence of the defendant, his employer, the plaintiff gave evidence tending to show that while he was, pursuant to the defendant's orders, in an excavation ten feet deep, engaged in shoveling dirt into a cart, the defendant, who stood on top of the bank, began " prodding" it with a crowbar for the purpose of loosening the earth, giving him no warning until the earth was just about to fall, when the defendant cried, "Look out," it being then impossible for the plaintiff to avoid it.

*Held,* that it was erroneous for the court to dismiss the complaint.

Appeal by the plaintiff, Joseph Raynor, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 15th day of March, 1897, upon the dismissal of his complaint directed by the court after a trial at the New York Special Term, and also from an order entered in said clerk's office on the 15th day of March, 1897, denying the plaintiff's motion for a new trial made upon the minutes.

*Gilbert D. Lamb,* for the appellant.

*A. H. Hummel,* for the respondents.

Van Brunt, P. J.:

This action was brought to recover damages for personal injuries. The defendant Cunningham had a contract for making a certain excavation on the south side of Twenty-second street, between Tenth and Eleventh avenues, in the city of New York. About a week preceding June 4, 1894, the plaintiff was employed by the defendant Cunningham to assist in making said excavation, and was at work for a week preceding the accident in bracing up the ditches made in connection with this work. The excavation had been begun about twenty feet from the sidewalk of Twenty-second street and had extended on said fourth of June about twenty feet back and was twenty or thirty feet wide. At the point where the accident happened it seems to have been ten feet deep. On that day

the plaintiff finished the work of bracing up the ditches on which he had been engaged, and in the afternoon he came to the defendant Cunningham and told him that he was through, and Cunningham thereupon ordered him to go down into the excavation and load a cart. There was a cart in the excavation backed up to a lot of loose dirt, and the plaintiff thereupon began to shovel this dirt into the cart as he had been directed by the defendant Cunningham. While he was shoveling, the defendant Cunningham was standing upon the top of the bank with a crowbar and was prodding the bank for the purpose of loosening the earth, and just as the earth was about to fall he cried, "Look out." At that moment the plaintiff, as he states, was covered by a mass of dirt which fell in, and this action was brought to recover damages for the injury sustained. There was evidence in the case that the defendant Trolan was engaged about the work; that he sometimes paid the men, and that he had some supervision over the work; but there was nothing which connected him in business with the defendant Cunningham so as to make him responsible for the defendant Cunningham's acts. The complaint was dismissed as to both defendants.

This, we think, was error. Although there was no evidence connecting Trolan with the accident, yet, still there was a question for the jury as to the negligence of the defendant Cunningham and as to the contributory negligence of the plaintiff. According to the plaintiff's story the defendant Cunningham, without giving any adequate warning, caused this bank of earth to fall by prodding it from above while the plaintiff was in a place where he was liable to be injured by its fall. The testimony of the plaintiff is that, at the moment he heard the words, "Look out," he was covered by the earth, and, therefore, had no time to escape the impending danger. It seems to us that the defendant Cunningham owed the duty to the plaintiff, employed as he was in shoveling this dirt into the cart, of giving him adequate notice of any intended change in the situation, and that the prying down of this earth upon him without such notice was negligence upon the part of the defendant Cunningham.

In considering the question of the propriety of the ruling made upon the trial dismissing the complaint, we must, of course, adopt that version of the testimony which is most favorable to the plaintiff. Applying this rule to the foregoing facts, it would seem that

it was error in the court to take the question of the negligence of the defendant Cunningham from the jury, and so much of the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

As to the defendant Trolan, the judgment should be affirmed, with costs.

BARRETT, RUMSEY, WILLIAMS and PATTERSON, JJ., concurred.

As to the defendant Cunningham, judgment reversed and new trial ordered, with costs to appellant to abide event. As to defendant Trolan, judgment affirmed, with costs.